IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ERIC WALKER                                                                                       PLAINTIFF

v.                                          CIVIL NO. 20-3072

KILOLO KIJAKAZI,[1]  Acting Commissioner
Social Security Administration                                                         DEFENDANT

**<u>MEMORANDUM OPINION</u>**

Plaintiff, Eric Walker, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed his current applications for DIB and SSI on September 14, 2018, alleging an inability to work since December 9, 2015,[2] due to extreme flat foot, neuropathy in the feet and legs, upper to lower back pain, extreme swelling in the left foot, Bipolar Disorder Type 1, low testosterone, bowel problems, sleep apnea, and insomnia. (Tr. 87, 245, 252). An

---

[1] Kilolo Kijakazi, has been appointed to serve as Acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] Plaintiff, through his counsel, amended his alleged onset date to March 1, 2017. (Tr. 15, 368).

1

administrative telephonic hearing was held on May 8, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 49-85).

By written decision dated June 10, 2020, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 18). Specifically, the ALJ found Plaintiff had the following severe impairments: obstructive sleep apnea, a congenital foot malformation status post/left foot reconstructive surgery and fusion, sciatica, lumbar spondylosis, neuropathy, morbid obesity, depressive disorder, obsessive-compulsive disorder, and bipolar disorder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 19). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except the claimant to lift 20 pounds occasionally and 10 pounds frequently; carry 20 pounds occasionally and 10 pounds frequently; sit for six hours, stand of six hours, walk for six hours; and push and/or pull as much as can (sic) he can lift and/or carry. The claimant can never climb ladders, ropes, or scaffolds. The claimant can occasionally stoop and crouch. The claimant should avoid concentrated exposure to excessive vibration. The claimant is limited to simple and routine tasks involving simple work-related decision-making. The claimant's supervision should be simple, direct, and concrete. The claimant could have occasional and superficial interaction with supervisors, coworkers, and the public.

(Tr. 21). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a price marker, and a router. (Tr. 32).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on September 14, 2020. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 15, 16).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff argues the following points on appeal: 1) the ALJ erred in determining the persuasiveness of the Plaintiff's treating medical provider; 2) the ALJ erred in his analysis and credibility findings in regard to Plaintiff's difficulties with treatment compliance; and 3) the ALJ erred in finding that the Plaintiff retains the residual functional capacity to perform less than a full range of light work. (ECF No. 15, pp. 1-2). Defendant argues the ALJ properly considered all of the evidence including treatment records and medical opinion evidence, and the decision was supported by substantial evidence. (ECF No. 16). The Court has reviewed the entire transcript and the parties' briefs.

The Court notes that an ALJ "is not required to adopt all limitations proposed by a doctor, even if that doctor's opinion is accorded significant weight." *Cannady v. Colvin*, No. 4:14-CV-00372-NKL, 2015 WL139762, at *5 (W.D. Mo. Jan. 12, 2015). As the Eighth Circuit has

explained, an ALJ need not "mechanically list and reject every possible limitation." *McCoy v. Astrue*, 648 F.3d 605, 615 (8th Cir. 2011). Plaintiff argues the ALJ improperly discounted the opinion of Mr. Rob Parke, LPC, who opined Plaintiff had poor or no ability to behave in an emotionally stable manner and relate predictably in social situations. After reviewing the record, the Court finds substantial evidence to support the ALJ's determination that Mr. Park's assessment was inconsistent with the record as a whole. Fentress v. Berryhill, 854 F.3d 1016, 1020 (8th Cir. 2017) (finding that if a treating physician's opinion is inconsistent with other substantial evidence, such as physical examinations or claimant's daily activities, the ALJ may discount or disregard the opinion). The ALJ also addressed Plaintiff's activities during the relevant time period which included caring for his young son, handling the finances for the household, performing light household chores, driving, reading, watching television, playing video games, preparing simple meals, taking care of his personal hygiene, and socializing with friends. All of these activities tend to undermine Mr. Parke's opinion.

For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 14th day of September 2021.

/s/   *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE